Mr. Wells, when you're ready, would you approach and begin? Please support counsel. My name is Larry. We are going to ask you to keep in mind the concept of legal justification. We will talk more about that. During the examination of the complaint, defense counsel asked lots of questions related to legal justification and child abduction. And here's some of those questions. Immediately prior to this event, was there some dispute within the family about children? Has anyone accused you of trying to take the children? Has Susan accused you of trying to take her children? Has anybody told you that there was an accusation? Did anyone discuss with you an allegation that you or someone else had tried to take the children? Did anyone talk to you about an allegation that you or one of your relatives had tried to take the children? Was there an ongoing dispute between you and Susan at that time? During the direct examination of Susan by defense counsel, he asked, Do you recall a comment that there was an issue of child abduction that the jury was going to hear? He said, quote, he asked, quote, Had there been any events in your family that might have led to a situation where someone would try to abduct your children? Close quote. So the jury heard lots about child abduction and justified use of force in the questions from defense counsel without any evidence being presented to establish the defense or the underlying act of abduction. These references make it apparent that defense counsel informed the jury that he was going to be relying on justified use of force related to an attempt by the complainant to abduct Susan's son. Yet there was no evidence and no author of proof. For the ineffective assistance of counsel claim, we rely on this court's decision in the Ortiz case. In Ortiz, there were only five references to the defense theory that someone else committed the crime. First, there was an ambiguous opening statement which related that some fellow, Joe Robbins, had been dating the victim and had been arrested while he was possessing Niles. Then during the presentation of the evidence, there were two questions asked of the complainant and two questions asked of the defendant related to Joe Robbins and his relationship with Niles and so forth. But no evidence was presented, just the question. So there was this intimation that Joe Robbins was somehow involved without any evidence being presented. And your honors found that the confusion caused by this half-presentation denied Ortiz a fair trial. Quoting a federal case with approval, this court found, quote, we cannot but conclude that to promise even a condensed recital of such powerful evidence and then not produce it could not be disregarded as harmless. We find it prejudicial as a matter of law, close quote. Now here, the record shows a promise of even more powerful evidence, an attempt to abduct a child. Here, this was more than just an ambiguous opening statement or questions on the subject. There were lots of questions on the subject. As in Ortiz, no evidence was presented and there was no offer of proof. There was no offer of proof made in the case by either counsel. No one in Ortiz testified that Robbins committed the crime rather than the defendant, and no one testified here that there had been an attempted child abduction. After raising such an emotionally charged allegation, the failure to present supporting evidence cannot be harmless. Following the Ortiz case, we'd ask this court to find counsel ineffective and reverse the conviction to remand the case to a new trial. Thank you. Ms. Camden. Thank you. Do I please support counsel Jennifer Camden on behalf of the state? So in Ortiz, this court found ineffective assistance of counsel where counsel promised the jury would hear certain specific evidence and then failed to deliver. This court found a reasonable probability of acquittal if counsel had not done so in opening statement. The defendant here likens this case to Ortiz. But the defendant here cannot show prejudice as the defendant in Ortiz could. In Ortiz, the defense counsel told the jury in opening statement that it would hear specific facts, specific evidence that the victim had another boyfriend, Joe Robbins, who was found with knives, the victim in Ortiz was stabbed. Robbins was found with knives when he was stopped and questioned on the night of the stabbing. In this case, defense counsel told the jury, I ask you to keep in mind a concept called legal justification. We'll hear more about that. That's a promise of a legal theory, not a promise of specific testimony. The defense counsel's statement included just a vague term of art, legal justification, that the jury may not even have understood. Further, the statement was not linked in the defense counsel's opening statements to the concept of child abduction or the concept of justified use of force. Counsel said only legal justification didn't tie that together with the concept of use of force. In fact, the defense counsel didn't even say which party would present the evidence of a concept of legal justification, whether that concept would arise from something that the state did or something that defense did. I don't believe I heard evidence that any of the questions asked by defense counsel related to legal justification. I think I heard defendants say that these questions related to child abduction. So that's one distinction between this case and Ortiz. Another is that in closing argument, in Ortiz, the state pointed out the defense's failure to present the evidence that it promised that the jury would hear. In this case, in closing argument, the state did not mention the concept of legal justification and alleged abduction, et cetera. Also in Ortiz, the case against the defendant was extremely weak. It was based on the identification testimony of the victim, who was legally blind, who was attacked in a darkened room and identified her attacker only by the sound of his mumbling and the light from the television, and who had consumed a pint of vodka, three additional shots of liquor, and some unknown amount of beer on the day of the attack. Also in Ortiz, the defendant took the stand and denied committing the attack. In this case, the identification testimony was unassailable. This was a family. This was a domestic disturbance. The victim and the defendant knew each other, and the defendant did not deny committing the attack. And then finally, in Ortiz, the key point was that the record at trial did not prove that this Robbins evidence, if presented, would not have created a reasonable probability of acquittal. For instance, there wasn't evidence presented at trial that Robbins was out of town that night or something. There wasn't evidence that this alibi or this theory wouldn't have worked. But in this case, the record shows affirmatively that the legal justification concept, if presented to the jury, would not have worked. The defendant testified that the alleged abduction occurred the day before the battery. Now, of course, for the use of force to be justified in defense of a person, it's only justified when to the extent that the actor reasonably believes that the conduct is necessary to defend against an imminent use of unlawful force. In this case, the defendant herself testified that the abduction attempt occurred the day before the aggravated battery. Therefore, there's no way that it was a defense against an imminent use of unlawful force. Of course, further, the record reveals that the defendant's children were not present at the scene of the aggravated battery. The victim testified to everyone who was present at the scene, and this did not include the children. Also, the firefighter across the street who saw the whole thing did not testify that he saw children. He also testified as to who he did see. So for these reasons, this case is distinguishable from Ortiz. The record also shows what did happen with regard to these questions about abduction and shows why, in addition to not being able to show the prejudice, the defendants cannot show that defense counsel's performance fell outside the range of reasonable assistance of counsel. The counsel made a decision to abandon, as a trial strategy, this legal justification concept. We know from the transcript of the hearing on the state's motion in limine that occurred immediately before trial that the defense counsel believed just minutes before trial that the abduction attempt occurred in the minutes before the aggravated battery. Let me say that again. The defense counsel believed just before trial that the alleged abduction attempt occurred just a few minutes before the aggravated battery. Then his client got on the stand and testified, no, it actually happened the day before. The defense counsel then abandoned that strategy and shifted to focus on other inconsistencies in the evidence and made his argument based on those. So for those reasons, the defendant cannot show ineffective assistance of counsel, and we request that the court affirm. Also, one final note. In issue 2, the parties agree that there was a violation of the One Act, One Crime doctrine, but disagree as to the appropriate remedy, and it's the people's position that the appropriate remedy is to remand to the trial court for determination of which of the two counts was more serious because the two counts had the same legal, sorry, had the same punishment and the same mental state. Okay, thank you. Any rebuttal? The state's analysis of the Ortiz case is dependent upon, according to them, whether the underlying defense would have worked, and that's really not what Ortiz is about. If you look in the Ortiz case, you can't find any underlying facts that were there to show that this Robbins fellow was arrested any time close to the events. You can't find evidence that he had knives. You can't find evidence that he was a boyfriend. You can't find anything like that. Do we even know whether there was a fellow named Joe Robbins? No. That's not what the Ortiz case turns on. The Ortiz case did not turn on whether there was this material. The Ortiz case turned upon the defense attorney making a promise in the opening statement and not following through. This court said the prejudice necessary for a reversal in the incident case came from defense counsel's failure to present any evidence concerning the existence of a person named Joe Robbins following defense counsel's opening statement indicating to the jury that Joe Robbins was another suspect in the case. That's where the harm came in. That's what prejudiced the defendant, and that's what happened here. The defense attorney in opening statement said there was going to be an issue of legal justification. He tried to present this through intimations and questions just like the attorney did in the Ortiz case and couldn't present anything. It was nothing but jury confusion, and it deprived the defendant of a fair trial. The results, it really comes down to whether this court wants to uphold its decision in Ortiz. It came to the right decision in Ortiz. That's a good case, and it should be followed. We ask this court to follow Ortiz and reverse verdict in effective assistance. Okay, thank you. Thank you both for your arguments and briefs, and we will take the matter under advisement.